IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

U.S. ..FILED
..COURT
..LAND

2017 SEP 15  A 11: 37

CLERK'S OFFICE
AT GRE...
BY
..PUTY

YVONNE R. ALSTON,                    *

      Plaintiff,                     *          Case No.: GJH-15-3100

                                     *

v.                                   *

BRANCH BANKING & TRUST               *
COMPANY, et al.,                     *

      Defendants.                    *

*     *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OPINION

   *Pro se* plaintiff Yvonne R. Alston's complaint originally alleged violations of the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Maryland Consumer Debt

Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 *et seq.*, and the Maryland

Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 *et seq.* against

Defendants Branch Banking and Trust Company ("BB&T"), Equifax Information Services, LLC

("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans

Union"), and Midland Credit Management, Inc. ("Midland") (collectively, "Defendants"). ECF

No. 27.[1] Alston moves to alter or amend this Court's Order regarding her claim under 15 U.S.C.

§ 1681i(a) (Count V), ECF No. 67, and Trans Union moves for summary judgment regarding

Alston's claim under 15 U.S.C. § 1681e(a) (Count III), ECF No. 71-1. No hearing is necessary to

resolve these motions. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, Alston's

---

[1] Previous Orders issued by this Court, as well as stipulation involving certain defendants, have significantly
narrowed the claims and defendants. *See* ECF Nos. 50, 57 68, and 76.

Motion to Alter or Amend is denied, and Trans Union's Motion for Summary Judgment is granted.

## I. BACKGROUND[2]

### A. Factual Background

Alston's complaint stems from an initial dispute with BB&T whereby Alston, on May 31, 2014, requested a payoff statement from BB&T for the mortgage refinance loan on her primary residence (the "Note"). ECF No. 27 ¶¶ 8-9. BB&T acquired the loan in June 2013 from Virginia Heritage Bank. ECF No. 27 ¶ 10. On June 4, 2014, BB&T sent Alston a payoff statement, a notice of transfer of servicing, and a copy of the Note. *Id.* ¶ 12. According to Alston, the Note sent in that correspondence "was not certified as a true and accurate copy." *Id.* ¶ 13. Following additional rounds of correspondence, Alston stated that BB&T failed to verify that it was the holder of the Note and, therefore, should have ceased assessing interest on her loan after June 2014. Alston demanded that BB&T apply her mortgage payments submitted from June 2014 through December 2014 to her principal balance only. *Id.* ¶ 22. On January 4, 2015, BB&T ultimately provided Alston with a payoff statement which, contrary to Alston's demand, directed a portion of her monthly payments to the interest due on the Note. *Id.* ¶ 23.

Alston then sent a dispute letter to three consumer reporting agencies ("CRAs"), Equifax, Experian, and Trans Union, in which she stated that the balance on her mortgage account was incorrect. According to Alston, rather than a balance of $131,809, her report should have shown a balance of $129,463.40 to reflect application of her June 2014 through December 2014 mortgage payments to her principal balance only. *Id.* ¶ 24. Alston asked that the CRAs "investigate whether [Alston] attempted to pay the debt in full and whether BB&T provided the

---

[2] The complete factual and procedural background, as set forth in Alston's Amended Complaint, is detailed in this Court's August 26, 2016 memorandum opinion, ECF No. 50. Only topics relevant to the pending motions are repeated herein.

necessary documentation" for her to complete the payoff. *Id.* Alston alleges that "[u]pon information and belief," Experian and Trans Union forwarded notice of her dispute to BB&T, but Equifax did not. *Id.* ¶¶ 26, 31.[3] Alston alleges that BB&T, upon receiving notice of her dispute from Experian and Trans Union, did not conduct an independent investigation of her dispute. Instead, BB&T only verified that the information reported to the CRAs was consistent with the information that BB&T had previously reported and did not notate that Alston's account was in dispute. *Id.* ¶¶ 32-33. On or about January 15, 2015, Experian responded to Alston with the results of its investigation into her dispute but did not provide her with a copy of her full credit file. *Id.* ¶ 27. Experian did not change her account as a result of the dispute, and Alston alleges that Experian "relied on BB&T's conclusions and parroted the results of BB&T's purported investigation" instead of independently investigating the dispute. *Id.*

On January 9, 2015, Trans Union provided Alston with the result of its investigation of her dispute, and, like Experian, continued to report Alston's mortgage balance as $131,809. *Id.* ¶ 29. Alston alleges that Trans Union, like Experian, did not independently investigate her dispute but instead relied on BB&T's purportedly inadequate investigation. *Id.* Trans Union provided Alston with a copy of her credit file, which revealed that Midland, a debt collection and information management company, *id.* ¶ 4, had obtained a copy of her consumer report from Trans Union on August 22, 2014. *Id.* ¶ 30. Alston alleges that she contacted Midland and spoke with an employee who "acknowledge[d] that Midland did not have a reason to obtain her report." *Id.* Alston contends that Midland obtain her report as part of its scheme to pull individuals' consumer reports in order to identify potential creditors to solicit and offer its debt collection services. *Id.* According to Alston, Trans Union is aware that Midland improperly pulls consumer

---

[3] Alston and Equifax settled the dispute following Alston's filing of the Motion to Alter or Amend, ECF No. 67. *See* ECF No. 68.

reports for these purposes and yet has not established any procedures to verify that Midland is obtaining credit reports for permissible purposes. *Id.* Finally, on November 4, 2015, Alston sent another set of dispute letters to the CRAs, indicating that the balance of her mortgage account was still inaccurate and should be reported as $121,643.91. *Id.* ¶ 42.

### B. Procedural Background

Alston initiated this action in State Court on September 8, 2015 alleging various claims against BB&T, Equifax, Experian, and Trans Union. ECF No. 2. Trans Union removed the case to this Court on October 13, 2015. ECF No. 1. On August 26, 2016, following filing of Alston's Amended Complaint, ECF No. 27, this Court ruled on a number of motions, including, BB&T's Motion to Dismiss Alston's Amended Complaint, ECF No. 32, and Trans Union's Motion for Judgment on the Pleadings, ECF No. 44. *See* ECF No. 50. In resolving the motions, the Court:

    i.  Dismissed in part Alston's 15 U.S.C. § 1681s-2(b) claim against BB&T (Count I);

    ii.  Denied Trans Union's Motion for Judgment on the Pleadings regarding Alston's § 1681e(a) Claim Against Trans Union (Count III);

    iii.  Dismissed Alston's § 1681i(a)(6)(B)(ii) claim against Experian (Count IV);

    iv.  Dismissed in part Alston's § 1861i(a) Claim Against Experian and Trans Union (Count V); and

    v.  Dismissed Alston's MCDCA and MCPA claims against BB&T (Counts VI and VII).[4]

Following this Order, on October 11, 2016, the Court issued a Scheduling Order, setting a deadline to serve initial disclosures on or before October 25, 2016, complete discovery by

---

[4] The Court refers to Alston's claims by the numerical order in which they appeared in the Amended Complaint, ECF No. 27. *See* ECF No. 50 n.5.

February 13, 2017, and submit summary judgment motions by February 11, 2017. ECF No. 62.

Alston filed her Motion to Alter or Amend on October 21, 2016, ECF No. 67, and Trans Union

filed its Motion for Summary Judgment on February 10, 2017, ECF No. 71.

## II.     STANDARD OF REVIEW

Alston moves to alter or amend the August 26, 2016 Order regarding Count V pursuant to

Federal Rule of Civil Procedure 59(e). ECF No. 67. Trans Union moves for summary judgment

regarding Count III. ECF No. 71-1. "A motion to alter or amend a judgment must be filed no

later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). However, under Federal

Rule of Civil Procedure 54(b), an order that "adjudicates fewer than all the claims . . . does not

end the action as to any of the claims or parties and may be revised at any time before the entry

of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Summary judgment is proper when "a party . . . fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party

moving for summary judgment must "show[] that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the

moving party satisfies its burden, the party opposing the motion "must come forward with

'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v.

Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(a)). "A complete failure

of proof concerning an essential element of the non-moving party's case necessarily renders all

other facts immaterial" and warrants summary judgment. *Celotex Corp.*, 477 U.S. at 323.

## III.  DISCUSSION

### A.  Motion to Alter or Amend – Count V

Alston alleges that the Court's August 26, 2016 Order "contains a clear error of law" with respect to Trans Union and Experian's duties under 15 U.S.C. § 1681i(a) to provide information regarding Alston's December 29, 2014 dispute to BB&T and resolve the alleged errors in her credit file.  ECF No. 67. Alston filed her Motion to Alter or Amend, ECF No. 67, on October 21, 2016—56 days after this Court issued its August 26, 2016 Order. For the reasons that follow, Alston's motion is thus time-barred.

As an initial matter, the Court's August 26, 2016 Order was not a final judgment; therefore, Alston's motion is improperly styled as a motion to alter or amend under Rule 59(e). Rather, Alston's motion is a motion to reconsider, which, under Local Rule 105.10, must be filed within fourteen days of the underlying Order. *See* Loc. R. 105.10 (D. Md. 2016) ("[e]xcept as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order").[5] The inability to file a Rule 59(e) motion following an interlocutory order was clearly laid out by Judge Chuang in *Letren v. Experian Info Solutions, Inc.*, No. 8:14-cv-03957-TDC (D. Md. Aug. 1, 2016).[6] Judge Chuang stated:

> Rule 59(e) allows for motions to alter or amend a judgment. Rule 54(b) clarifies that an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action." Instead, that order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities." Rule 54(a), in turn, defines a "judgment" as "any order from which an appeal lies." Under the plain language of Rule 54, then, an order that resolves some but not all claims in a case, or resolves the claims of some but not all parties, cannot be a

---

[5] Even if Alston's motion was proper under Rule 59(e), it was not filed within 28 days of the underlying Order and is still time barred.

[6] This Order should be of no surprise to Alston because one of the *Letren* plaintiffs, Candice Alston (presumably Yvonne Alston's daughter) also lists her address of record as 10012 Cederhollow Lane, Largo, MD 20774.

"judgment" because such an order is expressly one that the issuing court may revise "at any time" before the entry of judgment on all the claims in the case. *See* 28 U.S.C. § 1291 (providing that federal courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States") (emphasis added). Such an order becomes appealable—and thus can be considered a judgment within the meaning of Rule 54(a)—only if the court specifically "direct[s] entry of a final judgment" as to the particular claims resolved by the order and "expressly determines that there is no just reason for delay" of the entry of judgment as to those claims. Fed. R. Civ. P. 54(b). *See Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009) (emphasizing that generally only "orders that dispose of all claims" are "final and appealable" for purposes of establishing appellate jurisdiction under 28 U.S.C. § 1291, but that an exception is made for orders expressly designated as final by the procedure laid out in Rule 54(b)).

*See Letren*, No. 8:14-cv-03957-TDC at *3.

Similar to *Letren*, this Court's August 26, 2016 Order, ECF No. 50, resolved some but not all of the claims and was not ripe for appeal. The Court did not dismiss Counts I and III against BB&T and Trans Union, respectively, and invited Alston to amend her claim with regards to her November 4, 2015 credit dispute in Count V. Therefore, Alston cannot move to alter or amend that Order pursuant to Rule 59(e) because it was not a judgment as defined by Rule 54. Instead, "Alston's only procedural mechanism to seek reconsideration of that Order is Local Rule 105.10." *Letren*, No. 8:14-cv-03957-TDC at *4. Per the local rule, Alston had fourteen days to seek reconsideration but failed to do so. Alston has not provided an explanation for her late filing or a response to defendants' opposition raising the issue of timelines, ECF Nos. 69, 70. *See Awah v. Midland Credit Mgmt. of Am.*, No. 10-cv-885, 2011 WL 3821600, at *2 (D. Md. Aug. 26, 2011) ("although pleadings prepared by pro se litigants are to be liberally construed, the same cannot be said for the interpretation of procedural rules in ordinary civil litigation").

Alston's motion also included a Second Amended Complaint as an attachment. ECF No. 67-2. Though Alston does not mention these attachments in her substantive motion, ECF No.

67, the Court construes the attachment as a motion for leave to file a second amended complaint,

and the motion is denied. Per this Court's August 26, 2016 Order, Alston was granted fourteen

days to amend her complaint. *See* ECF No. 50 at 20.[7] Having failed to amend her complaint

within the timeline given by the Court, Count V was dismissed on September 19, 2016. *See* ECF

No. 57. Alston's opportunity to amend her complaint again has long since passed.

### B. Motion for Summary Judgment – Count III

In Count III, Alston alleges that Trans Union violated 15 U.S.C. § 1681e(a) because it

failed to establish or follow reasonable procedures to prevent the disclosure of credit information

for impermissible purposes. ECF No. 27 ¶¶ 59–65. The Court previously set forth the standard

for a claim under § 1681e(a) as follows:

> In order to state a claim for violation of the "reasonable procedures" requirement of
> § 1681e(a), "'a plaintiff . . . must first show that the reporting agency released the report
> in violation of § 1681b.'" *Harris v. Database Mgmt. & Mktg., Inc.*, 609 F. Supp. 2d 509,
> 517 (D. Md. 2009) (quoting *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267
> (5th Cir. 2000)). "[I]f the [CRA] has reason to believe that the user had a permissible
> purpose in obtaining the [consumer] report, there is no FCRA violation." *Id.* at 515
> (citation and internal quotation marks omitted). A CRA generally has "reason to believe"
> that a consumer report is being accessed for a permissible purpose "when the subscriber
> had certified such limited usage, the primary purpose of the subscriber's business
> involved accessing reports for a permissible purpose, and the agency was unaware of any
> impermissible use by the subscriber." *Id.* But "[t]he fact that a consumer report is
> furnished for an impermissible purpose . . . does not result in automatic liability. Liability
> is imposed only when the [CRA] either willfully or negligently fails to maintain
> reasonable procedures to avoid violations of . . . § 1681b." *Pietrafesa v. First Am. Real
> Estate Info. Servs., Inc.*, No. 1:05-CV-1450, 2007 WL 710197, at *3 (N.D.N.Y. Mar. 6,
> 2007) (quoting *Dobson v. Holloway*, 828 F.Supp. 975, 977 (M.D. Ga. 1993)).

ECF No. 50 at 15–16.

Alston alleges that Midland obtained her consumer report from Trans Union for an

impermissible purpose on August 22, 2014, Trans Union knew that Midland often obtains

consumer reports for impermissible purposes, and Trans Union has not established procedures to

---

[7] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated
by that system.

verify if Midland had a permissible purpose. ECF No. 27 ¶ 30. In denying Trans Union's motion

for judgment on the pleadings, ECF No. 44, the Court stated that the facts alleged by Alston

support an inference that 1) Midland obtained her report in violation of the FCRA and 2) Trans

Union's requirement that Midland certify it was obtaining the report for a proper purpose, alone,

was insufficient to establish that Trans Union maintained reasonable procedures to protect

against such activity. *See* ECF No. 50 at 16–17 (construing facts in the light most favorable to

Alston).

Trans Union now argues that Alston, having wholly failed to follow the Court's

Discovery Order, ECF No. 62, has, as a matter of law, admitted that Trans Union did not violate

15 U.S.C. § 1681e(a). Trans Union states that it served Alston with its First Set of

Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for

Admission (Discovery Requests) on October 24, 2016. *See* Declaration of Justin T. Walton, Esq.,

ECF No. 71-5 ¶ 2. However, Alston has refused to serve her initial disclosures, respond to Trans

Union's Discovery Requests, *id.* ¶¶ 6, 7, or provide input for the parties' Joint Status Report. *See*

ECF No. 73 at n.1.

Because Alston elected not to participate in discovery, the Court deems the facts

presented by Trans Union in its Requests for Admission to be admitted. *See* Fed. Civ. P. R.

36(a)(3) ("[a] matter is admitted unless, within 30 days after being served, the party to whom the

request is directed serves on the requesting party a written answer or objections"); *see also Lynn*

*v. Monarch Recovery Mgmt.*, 285 F.R.D. 350, 363 (D. Md. 2012) ("A matter is deemed admitted

if the responding party fails to timely provide a written answer or objection to the request for

admission."). By not responding to Trans Union's Request for Admission, Alston concedes that

Trans Union never furnished inaccurate information about her in a credit report to a third party,

9

ECF No. 71-9 at 8, followed reasonable procedures designed to limit the furnishing of consumer reports for permissible purposes, *id.* at 11, did not furnish her consumer report to any person it had reasonable grounds to believe would not use the consumer report for a permissible purpose, including Midland, *id.* at 12, and that she was not damaged as a result of any act or omission on the part of Trans Union, *id.* at 8. Following these admissions, Alston cannot show that Trans Union released her consumer report in violation of § 1681b—a prerequisite in order to state a claim for violation of the "reasonable procedures" requirement of § 1681e(a). Thus, summary judgment in favor of Trans Union is appropriate. *Donovan v. Porter*, 584 F. Supp. 202, 207–08 (D. Md. 1984) ("It is clear that unanswered requests for admissions may properly serve as a basis for summary judgment and with a failure to make a timely response, the truth of the matter contained in the request for admission is conclusively established and may serve as the basis for the court's consideration of a motion for summary judgment.").

Even without these admissions, Alston's claim rests only on the allegations in her Amended Complaint, ECF No. 27, and she points to no evidence supporting her claim in her bare-bones opposition to Defendant's Motion for Summary Judgment. *See Williams v. G4S Secure Sols. (USA), Inc.*, No. 10-3476, 2012 U.S. Dist. LEXIS 66249, at *24 (D. Md. May 11, 2012) (quoting *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [her] pleadings, but instead must set forth specific facts showing that there is a dispute of material facts") (internal quotations omitted).

In opposition, Alston does not explain her complete failure to participate in discovery and instead argues that Trans Union's motion should be denied because Trans Union failed to comply with Local Rule 105.2(c). Local Rule 105.2(c) provides:

> In a two-party case, if both parties intend to file summary judgment motions, counsel are to agree among themselves which party is to file the initial motion. After that motion has been filed, the other party shall file a cross-motion accompanied by a single memorandum (both opposing the first party's motion and in support of its own cross-motion), the first party shall then file an opposition/reply, and the second party may then file a reply. If more than two (2) parties intend to file motions in a multi-party case, counsel shall submit a proposed briefing schedule when submitting their status report.

*See* Loc. R. 105.2(c) (D. Md. 2016). Alston states that Local Rule 105.2(c) is "clearly designed to facilitate the Court's efficient administration of justice, and thus should not be ignored. Trans Union, however, has chosen to disregard both the Local Rule and Scheduling Order, as it did not contact Plaintiff prior to filing its Motion." ECF No. 74 at 1–2. Alston further alleges that had Trans Union notified her about its intent to submit a motion for summary judgment, she would have filed her own motion.[8] *Id.* at 2. Alston's argument falls on deaf ears. Having not participated in discovery, Alston has no evidence that would support her filing a motion for summary judgment, and Trans Union was not obligated to proactively seek her consent on a proposed briefing schedule before submitting its own motion for summary judgment.[9] *See Lupo v. JPMorgan Chase Bank, N.A.*, No. 14-cv-475, 2015 U.S. Dist. LEXIS 130869, at *39 (D. Md. Sept. 28, 2015) (rejecting plaintiff's argument that defendant's dispositive motion should be dismissed for failure to comply with the Local Rule because plaintiff did not signal its intention to move for summary judgment). Trans Union's motion was filed within the timeframe established by the Court.

---

[8] Alston erroneously states that "the Court's Scheduling Order states '[i]f more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2c apply.'" ECF No. 74 at 1. While the local rules certainly apply to proceedings before this Court, no such statement exists in this Court's Scheduling Order, ECF No. 62. The Court does not know if Alston included this quotation to intentionally mislead the Court or if the statement was copied from a similar motion in the litany of other FCRA cases brought by the Alston family. *See Alston v. Experian Information Solutions, Inc. et al.*, No. PJM-15-3558, 2016 WL 4555056, at *14 n.5 (D. Md. Aug. 31, 2016) (listing 36 other FCRA cases brought by Alston-family plaintiffs against CRAs or other financial institutions).

[9] Even so, Alston allegedly informed Trans Union that she did not even intend to oppose the Motion. *See* Declaration of Justin T. Walton, Esq., ECF No. 75-1 ¶6.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend the Judgment, ECF No.

67, is denied. Defendant Trans Union's Motion for Summary Judgment, ECF No. 71, is granted.

A separate Order follows.[10]

Dated: September 15, 2017

GEORGE J. HAZEL
United States District Judge

---

[10] Trans Union suggests that Alston's refusal to dismiss this case and participate in discovery forced Trans Union to incur needless costs and expenses to pursue its motion for summary judgment and associated reply brief. ECF No. 75 at 8. The FCRA allows the Court to award attorneys' fees to the prevailing party upon a filing made in bad faith or for the purposes of harassment, 15 U.S.C. §§ 1681n(c) and 1681o(b), but Trans Union has not requested such relief. Trans Union may request this Court to award attorneys' fees if it chooses to do so.